UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY BADON, | ) CIVIL ACTION NO.: |
| | ) |
| Plaintiff, | ) SECTION: |
| | ) |
| vs. | ) |
| | ) MAGISTRATE: |
| BERRY'S RELIABLE RESOURCES, LLC AND RHONDA WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

## INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Anthony Badon, and files this Complaint against Defendants, Berry's Reliable Resources, LLC and Rhonda Williams ("Defendants"), seeking: (1) unpaid overtime and liquidated damages owed to him for not being paid overtime in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (hereinafter called the "FLSA"); (2) damages due to his retaliatory termination for supporting other employees' assertion of their rights under the FLSA and/or asserting his rights under the FLSA; and (3) asserting an individual claim under the Louisiana Final Wage Payment Act, La. R.S. 23:631, *et seq*. for unpaid final wages and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages and liquidated damages and reasonable attorney's fees and costs under the FLSA, 29 U.S.C. §201, *et seq*.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Metairie, Louisiana is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be a resident of the Parish of Orleans, State of Louisiana.

6. At all times material hereto Defendant Berry's Reliable Resources, LLC was, and continues to be a Louisiana company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

7. At all times material hereto Defendant Rhonda Williams was, and continues to be, a resident of the State of Louisiana and is engaged in business in Jefferson Parish, Louisiana.  Williams is the owner and managing member of Berry's Reliable Resources, LLC, was directly involved in the event giving rise to the claims set forth herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiff.

## PLAINTIFF AND THE FLSA COLLECTIVE ACTION PLAINTIFFS ARE SUBJECT TO THE PROVISIONS OF THE FLSA

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was "an employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were the Plaintiff's "employers" within the meaning of FLSA.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## DEFENDANTS ARE PLAINTIFF'S JOINT EMPLOYERS

15. At all times material hereto, Defendants were Plaintiff's "joint employers" within the meaning of FLSA.

16. Specifically, Defendants were so intertwined as to be indistinguishable.

17. Defendants jointly exercised control over the Plaintiff's schedule, rate of pay, how he performed his job and the equipment he used to perform his job and jointly implemented the schemes complained of herein.

18. Specifically, Defendants signed contracts with clients in the Greater New Orleans Area to provide home health care services to those persons in their homes.

19. Defendants then retained persons, such as Plaintiff to perform these services for Defendants' clients.

20. Plaintiff had no ability to independently contract with clients; all of their clients and business came from persons who had signed contracts for services with Defendants.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

22. In June 2019, Plaintiff began working for Defendants as a home health caregiver.

23. He worked for Defendants until December 2019.

24. His hourly rate of pay was $8.00.

25. While working for Defendants, Plaintiff had occasion to work in excess of 40 hours per week performing services for Defendants' clients.

26. However, despite the fact that Plaintiff worked in excess of 40 hours per week for Defendants, he was not and has not been properly paid overtime for all hours he worked in excess of 40 per week.

## CAUSES OF ACTION

### COUNT I:  FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. All previous paragraphs are incorporated as though fully set forth herein.

28. As a result of Defendants' payment and scheduling policy whereby it did not pay Plaintiff overtime for all hours worked in excess of 40 hours per week for Defendants, Plaintiff has been deprived of federally mandated overtime pay.

29. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if he was exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that he was not exempt.

30. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

31. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at a rate equal to one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when it knew, or should have known, such was and is due.

32. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

33. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered lost compensation for time worked over 40 hours per week, plus liquidated damages.

34. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II: CLAIM FOR RETALIATORY TERMINATION IN VIOLATION OF THE FLSA**

35. In August 2019, Stacey Badon filed suit against Defendants, asserting her rights under the FLSA.

36. Defendants' were served and filed responsive pleadings and began to investigate Ms. Badon's claims against them in October 2019.

37. Stacey Badon is Anthony Badon's niece and Mr. Badon was known to support her efforts to enforce her rights under the FLSA. He was also identified by her as a witness in her action against Defendants.

38. In December 2019, after learning about Mr. Badon's involvement in Ms. Badon's lawsuit, Defendants terminated Mr. Badon without cause or warning.

39. Defendants' intentional and blatant retaliation against Plaintiff is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

## COUNT III: INDIVIDUAL CLAIM FOR FINAL WAGES UNDER THE LOUISIANA FINAL WAGE PAYMENT ACT

40. All previous paragraphs are incorporated as if fully set forth herein.

41. In addition to failing to pay Plaintiff overtime for hours that he worked in excess of 40 per week, Defendants also deducted an amount from his pay for "Workers Compensation" benefits.

42. Under Louisiana law, an employer is responsible for providing Worker's Compensation coverage to its workers and it cannot pass that expense along to its employees.

43. In making these deductions, Defendants failed to pay Plaintiff all of the wages he was due for the labor she performed for Defendants.

44. Plaintiff ceased working for Defendants in December 2019.

45. Pursuant to Louisiana's Final Wage Payment Act, Plaintiff's final wages were due and owing on the earlier of his next regular pay date or within fifteen days of his cessation of employment with Defendants.

46. However, the wages deducted from Plaintiff's pay were not paid to him upon the cessation of his employment.

47. To date, Defendants have not paid Plaintiff these wages.

48. Defendants' deduction of a fee from Plaintiff's wages for "Worker's Compensation" was knowingly and willfully done, as was its failure to pay those wages to him upon the cessation of his employment.

49. Accordingly, Plaintiff is entitled to recover his unpaid wages in full, plus up to 90 days wages due to Defendants' bad faith failure to pay him and reasonable attorneys fees and costs pursuant to the Final Wage Payment Act.

## ATTORNEY'S FEES

50. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

51. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants, Berry's Reliable Resources, LLC and Rhonda Williams;

    a. Declaring that Defendants' actions of failing to pay to Plaintiff time and one-half their regular rate of pay for all of the hours they worked in excess

of 40 per week is in violation of the FLSA;

b. Enjoining Defendants from continuing to pay home health care workers in violation of the FLSA;

c. Awarding Plaintiff all unpaid overtime pay to which he is entitled;

d. Awarding Plaintiff an equal amount in liquidated damages for the overtime he is owed;

e. Awarding Plaintiff reasonable attorneys fees and costs;

f. Awarding Plaintiff all unpaid final wages that he is owed;

g. Awarding Plaintiff up to 90 days penalty damages due to Defendants' failure to pay him those final wages as set forth in the Louisiana Final Wage Payment Act; and

h. Awarding Plaintiff attorneys fees and costs under the Louisiana Final Wage Payment Act.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
mjackson@jackson-law.net
Attorneys for Plaintiff

**PLEASE SERVE**

**Berry's Reliable Resources, LLC**
**Through its Registered Agent:**
**Rhonda Williams**
**3021 Saint Marie Dr.**
**Meraux, LA 70075**


**Rhonda Williams, individually**
**Wherever she may be found**